Carolyn A. Dye (SBN 97527)
3435 Wilshire Blvd.
Suite 990
Los Angeles, CA 90010
Telephone: 213/368-5000
Facsimile: 213/368-5009
Email: trustee@cadye.com

Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

|  |  |
|---|---|
| In re<br><br>SHAOQIANG CHEN,<br><br>　　　　　　　Debtor. | Case No. 2:19-bk-12936-BB<br>　　　[Chapter 7]<br><br>TRUSTEE'S APPLICATION TO EMPLOY SPECIAL LITIGATION COUNSEL; DECLARATIONS OF CAROLYN A. DYE AND FELIX T. WOO IN SUPPORT THEREOF<br><br>[No Hearing Unless Requested; Local Bankruptcy Rule 2014-1] |

Carolyn A. Dye, the duly appointed Chapter 7 Trustee in the above-captioned case, hereby states:

1.   Shaoqiang Chen ("Debtor") filed for relief under Chapter 7 of the United States Bankruptcy Code on May 18, 2019.

2.   Carolyn A. Dye was appointed Chapter 7 Trustee on or about May 18, 2019, and accepted such appointment thereafter.

3.   Debtor is (or was) in control of (or in control of related persons) business operating in China. He personally guaranteed loans issued to certain of these companies, there were

///

1 | defaults on the loans and judgments entered against him between
2 | 2016 and 2017.

3 |     4.   As early as April 2014, he acknowledged his personal
4 | obligation to pay certain of these creditors.

5 |     5.   Debtor and his then wife purchased a residence in
6 | Arcadia, in or around April 2004. The residence was refinanced
7 | several times, with the vesting as "Community Property."

8 |     6.   In their divorce in 2009, the house was not listed by
9 | either party as an asset.

10 |     7.   In 2012, Debtor transferred his interest in the house
11 | to his former wife for no consideration, but the Grant Deed was
12 | not recorded until September 2013.

13 |     8.   Trustee wishes to engage special litigation counsel to
14 | investigate whether this transfer was made in contemplation of
15 | the loan defaults and judgments, and in an effort to avoid,
16 | hinder or delay his creditors.

17 |     9.   Having reviewed the facts, Trustee has determined the
18 | transfer should be investigated. Trustee wishes to engage Felix
19 | T. Woo, of FTW Law Group ("Woo"). Woo is counsel to creditor,
20 | Qingdao Youli Century Guarantee Co. Ltd. ("Qingdao"), and filed
21 | for Qingdao an action to enforce a foreign judgment against
22 | Debtor in the U.S. District Court Central District of California,
23 | Case No. 2:18-cv-02762-SJO(SSX). The prosecution of that case was
24 | stayed by the bankruptcy filing. However, neither Woo nor Qingdao
25 | was given notice of the filing of the bankruptcy case but learned
26 | it from Debtors' counsel in the federal case.  Woo is willing to
27 | represent the estate on a contingency basis and initially
28 | investigated for Qingdao the transfers between Debtor and his

00002

former wife. Woo wishes to continue that investigation for the estate. Except for being paid through a recovery in this case, Woo will not seek any payment. His client, Qingdao, has filed a Proof of Claim in this case and will only be paid pro rata along with other creditors, if and when the estate has assets for distribution.

10.   Woo has experience in prosecuting cases in the Chinese Courts and in recovery of assets to satisfy foreign judgments.

11.   Woo will advance out-of-pocket costs required to prosecute the investigation and any subject litigation. Trustee proposes that Woo will be employed pursuant to U.S.C. § 327(a) and compensated pursuant to 11 U.S.C. § 330 on a contingency fee basis, after reimbursement of costs, and a contingency fee of the greater of 30% of the recovery, or, if attorneys fees are awarded, 40% of the recovery including the attorneys fees awarded. After payment of the attorney's fees and cost reimbursement, the balance of any recovery will be paid to the estate.

12.   In accordance with the agreement with the Debtor and understandings with Woo, he agreed to take any and all actions required to administer and prosecute this litigation.

13.   Trustee selected Woo because he has been the attorney of record for a creditor of Debtor and is, therefore, familiar with the case, including uncovering the transfer between the Debtor and his former wife. In addition he had already invested substantial time in the case.  There were no funds in the case and Woo has agreed to be engaged on the basis set forth herein.
///

-3-

14.    Because it appears that Woo has the requisite experience to assist the Trustee in investigating and prosecuting and liquidating these claims and has an interest in doing so, Trustee believes that he is well qualified to represent Trustee in these matters.    (Woo's resume is attached hereto as Exhibit A and is incorporated herein by ths reference.)

15.    To be best of the Trustee's knowledge and based upon the Declaration of Woo attached hereto, except for his prior representation of Qingdao, he has no connection with any party in interest, its attorneys or accountants, other than as set forth in such Declaration.

16.    To the best of Trustee's knowledge and based upon the Declaration of Woo attached hereto, he does not represent any interest adverse to that of the Trustee or of the estate in the matters on which the estate in the matters on which it is to be retained, and is a disinterested persons under Section 101(14) of the Bankruptcy Code. (See also "Statement of Disinterestedness for Employment of Professional Person Under F.R.B.P. 2014" attached hereto as Exhibit B and are incorporated herein by this reference.)

17.    Trustee proposes that Woo will be employed pursuant to U.S.C. § 327(a) and compensated pursuant to 11 U.S.C. § 330 on a contingency fee basis similar to the one he had negotiated with Debtor. As noted above, Woo has agreed to accept a contingency fee of 30% of the gross recovery. If there is a recovery of attorneys fees then the fees payable by the estate will be the greater of the entire attorneys fees awarded or the 40%

///

-4-

1 | contingency of the gross value of the recovery, including the

2 | awarded attorneys' fees and costs.

3 |     18.   Woo will also be entitled to be reimbursed for all

4 | costs and reasonable expenses advanced, with the approval of

5 | Trustee of the costs.

6 |     19.   No compensation will be paid by the Trustee to Woo

7 | except upon application to and approval by the Bankruptcy Court

8 | after proper notice and hearing. (Trustee will request authority

9 | to pay these fees in connection with approval of any settlement

10 | of the case, or after recovery.)   Woo has not received any

11 | retainer nor is he seeking a retainer or an advance fee from the

12 | estate.

13 |     20.   Notice of the Application as required by Local Rule

14 | 2014-1(b)(2)&(3), has been provided to interested parties.   A

15 | true and correct copy of such Notice is attached hereto as

16 | Exhibit C and incorporated herein by this reference.

17 |     For all the foregoing reasons, Trustee respectfully requests

18 | that this Court enter an Order authorizing the employment of

19 | Felix T. Woo to render services as described above with

20 | compensation to be paid as provided herein, subject to the

21 | approval of the Court.

22 |

23 |

24 | Dated: August 26, 2019     _____

25 |                             Carolyn A. Dye, Chapter 7 Trustee

26 |

27 |

28 |

00005

**DECLARATION OF CAROLYN A. DYE**

I, Carolyn A. Dye, declare:

1.   I am the Chapter 7 Trustee for the estate of Pepper Carlson ("Debtor").

2.   For all of the reasons set forth in the Application which are incorporated herein by this reference, I require the assistance and representation of special litigation counsel to investigate whether a transfer was made in contemplation of the loan defaults and judgments, and in an effort to avoid, hinder or delay his creditors.

3.   Debtor and his then wife purchased a residence in Arcadia, in or around April 2004. The residence was refinanced several times, with the vesting as "Community Property." In their divorce in 2009, the house was not listed by either party as an asset. In 2012, Debtor transferred his interest in the house to his former wife for no consideration, but the Grant Deed was not recorded until September 2013.

4.   I have selected Felix T. Woo, of FTW Law Group ("Woo") because he previously represented creditor, Qingdao Youli Century Guarantee Co. Ltd. ("Qingdao"), and filed for Qingdao an action to enforce a foreign judgment against Debtor in the U.S. District Court Central District of California, Case No. 2:18-cv-02762-SJO(SSX). Because it appears that Woo has the requisite experience to assist the me in investigating and prosecuting and liquidating these claims and has an interest in doing so, I believe that he is well qualified to represent me in these matters.

///

-6-

5.    To the best of my knowledge, other than his previous representation of the Qingdao he does not represent any interest adverse to that of the estate of the Debtor in the matters upon which she has been engaged.

6.    I am requesting the Court approve the fee arrangement requested by Woo as described in my application as part of the approval of his employment.

7.    I have provided Notice of this Application in accordance with Local Bankruptcy Rule 2014-1(b)(2)&(3), a copy of which is attached to the Application as Exhibit C and incorporated herein by this reference.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed this 26th day of August, 2019 at Los Angeles, California.

_____
Carolyn A. Dye

**DECLARATION OF FELIX T. WOO**

I, Felix T. Woo, declare:

1.   I am an attorney at law admitted to practice in the State of California.  I am the sole attorney working in the firm of Labor Law PC with its office at 601 S. Figueroa Street, Suite 4050, Los Angeles, CA 90017-5879.

2.   I was originally engaged to represent the creditor of Debtor, creditor, Qingdao Youli Century Guarantee Co. Ltd. and filed on their behalf, in the U.S. District Court Central District of California, Case No. 2:18-cv-02762-SJO(SSX). I had discussions with the Chapter 7 Trustee regarding my view of the transfer of the Arcadia property. I advised the Trustee I was willing to continue in the case representing the Trustee and the estate. A copy of my resume is attached to the Application as Exhibit A and incorporated herein by this reference.

3.   I am experienced in matters of prosecuting cases in the Chinese Courts and in recovery of assets to satisfy foreign judgments. I am either familiar with or will become familiar with the Bankruptcy Code, Bankruptcy rules and will comply with them. I am willing to be engaged on a contingency fee basis as described in the Application, namely contingency fee based on the recovery with a reimbursement of costs advanced, with costs to be approved by the Trustee. I will advance the costs required to prosecute this case as the estate has no funds on hand.

4.   Except as disclosed herein as to my engagement by the creditor, Qingdao Youli Century Guarantee Co. Ltd., neither I nor my firm have been employed by or am connected with any other party in interest relating to the within matter.

-8-

5.    Neither I nor my firm represents any interest adverse to that of the Trustee or of the estate in matters on which I am to be retained and I am a disinterested person as defined in Section 101(13) of the Bankruptcy Code.  (See also, "Statement of Disinterestedness for Employment of Professional Person Under F.R.B.P. 2014" attached hereto as Exhibit C and incorporated herein by this reference.) Although previously engaged by the Debtor, it is my view that the interests of the estate and the Debtor are so aligned in this litigation that there is no present conflict of interest.

6.    I understand the estate has no funds on hand and that the source of payments to my firm for fees incurred in representing the Trustee will come from any recovery in the litigation.

7.    I have not received nor am I  seeking a retainer or advance fee payment in this case.

8.    Other than by virtue of my prior representation of the Debtor, I do not have and have not had any connection with any insider of the Debtor.

9.    I have not represented, am not representing nor do I intend to represent any related debtor in a bankruptcy case in this Court or any other court.

10.   I desire to be employed to assist and represent the Trustee herein on the basis described in the Application, with my

///

///

///

///

00009

1 | firm's hourly fees capped as described in the Application and
2 | paid by the Trustee without further approval of the Court.
3 | I declare under penalty of perjury under the laws of the
4 | United States of America that the above is true and correct.
5 | Executed this 26 day of August, 2019 at Los Angeles,
6 | California.

7
8
9 | Felix T. Woo

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-10-

**EXHIBIT A**

00011

**FTW** LAW GROUP

## Felix T. Woo

Felix Woo is a business litigator and advisor with over 19 years of experience handling high-stakes commercial litigation and class-action matters involving virtually every industry and legal issue. Felix has litigated disputes over unfair competition and antitrust/anti-competitive issues, business tort and fraud matters, trademark and trade dress infringement, and trade secret misappropriation. Felix also has substantial experience prosecuting offensive contract and tort litigation matters (including many on contingency arrangements).

For over a decade, Felix was a partner with the world's largest law firm, representing clients in matters locally, around the country and in Europe and Asia. Felix leverages his experience and relationships from working on those client matters (many of which are still on-going) for his current clients, allowing them access to big-firm style strategies with a more cost-effective approach.

In his career, Felix has also devoted significant time and service to pro bono legal matters, diversity in the law and community service. Felix has served, and continues to serve, in a leadership role on many law-related boards and organizations.



T: (213) 335-3960
fwoo@ftwlawgroup.com

## Practice Areas

- Business torts (fraud, tortious interference, conversion, and breach of fiduciary duty)
- China litigation (with extensive experience litigating matters involving Chinese individuals and companies, located abroad or locally, in state and federal court or in arbitration proceedings)
- Collection and judgment/arbitration award enforcement (including domestication and enforcement of foreign awards, and enforcing judgments against alter egos)
- Contract disputes (litigation and dispute resolution based on the parties' contractual rights)
- Corporate and entity disputes (corporations, LLCs, partnerships), including dissolution, dissociation, and membership/shareholder litigation
- Trade secret litigation
- Trademark and trade dress litigation

## Experience

- Representation of Japanese capacitor manufacturer in multi-venue civil and criminal antitrust litigation and investigatory proceedings.
- Representation of Chinese-based companies in intellectual property, anti-competitive and contract-based disputes in state and federal court.
- Representation of a physician in complex, multi-party False Claims Act litigation seeking tens of millions of dollars in damages; summary judgment was obtained on behalf of the client.
- Representation of PacifiCare Life and Health Insurance Company, an affiliate of UnitedHealthcare, in a multi-year litigation against the California Department of Insurance and its Insurance Commissioner, involving over 240 days of evidentiary hearings and a state court mandamus trial.

 **FTW** LAW GROUP

- Representation of Hughes Electronics Corporation, The Boeing Company and Boeing Satellite Systems, Inc., in a trade secret misappropriation suit that resulted in a dismissal of the action and an admission by the plaintiff that the case had "no merit."
- Representation of Boeing Satellite Systems International, Inc., and The Boeing Company in a lengthy litigation and trial over multi-billion-dollar contracts to design, manufacture and launch a constellation of communications satellites. Felix was a primary attorney coordinating witness preparation and discovery involving over a hundred witnesses and millions of pages of data.
- Representation of a major, nationwide cellular telephone service provider in federal court in an employee whistleblower action. Felix oversaw discovery and defended over a dozen depositions including senior management.
- Representation of major title insurance and title companies in class action litigation over filing and approval of rates with California Department of Insurance.
- Represented citizens of a Los Angeles County municipality in California Voting Rights Act litigation seeking change to City Council elections; state court judge awarded over a million dollars in attorneys' fees and costs finding that the litigation caused the city to materially change its voting structure.
- Relationship lawyer for publicly-traded construction materials company with operations across the United States on diverse range of legal issues in multiple jurisdictions.
- Relationship lawyer for publicly-traded, internationally-known wellness and health supplements company on regulatory and First Amendment matters.
- Represent Chinese state-owned entity manufacturer in federal court trade dress litigation against major Japanese and U.S. tire manufacturer seeking millions of dollars in damages and attorneys' fees.
- Represent Chinese corporations in judgment enforcement actions in state and federal court seeking to hold alter ego principals liable for millions of dollars in judgments and awards.
- Represent Chinese investors seeking redress for breaches and torts arising of EB-5 immigration investment schemes.
- Represent Chinese marketing agents seeking contractually-owed compensation for services provided as part of a Southern California EB-5 immigration investment project.
- Represent global business process outsourcing and technology company in contract and fraud litigation arising out of a $100 million share purchase acquisition of company with substantial operations in China.

## Education

University of California at Berkeley, B.A., History and Sociology, 1995

University of California at Hastings College of the Law, J.D., 1999

**EXHIBIT B**

00014

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Carolyn A. Dye (SBN 97527)<br>Law Office of Carolyn A. Dye<br>3435 Wilshire Blvd.<br>Suite 990<br>Los Angeles, CA 90010<br>Telephone: 213/368-5000<br>Facsimile: 213/368-5009<br>Email: trustee@cadye.com | |
| *Attorney for:* Carolyn A. Dye, Chapter 7 Trustee | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| In re:<br><br>SHAOQIANG CHEN, | CASE NO.: 2:19-bk-12936-BB<br>CHAPTER: 7 |
|---|---|
| | **STATEMENT OF DISINTERESTEDNESS FOR EMPLOYMENT OF PROFESSIONAL PERSON UNDER FRBP 2014**<br><br>**(File with Application for Employment)** |
| Debtor(s). | [No Hearing Required] |

1. Name, address and telephone number of the professional (Professional) submitting this Statement:

   Felix T. Woo
   601 South Figueroa Street, Suite 4050
   Los Angeles, CA 90017
   Telephone: 213/335-3960

2. The services to be rendered by the Professional in this case are *(specify)*:

   Woo will investigate as possible fraudulent transfer the Debtor's transfer to his former wife all his interest in the family residence upon threat of colletion litigation and any other transfers identified in the course of his investigation.

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                    Page 1                    **F 2014-1.STMT.DISINTEREST.PROF**

00015

3.  The terms and source of the proposed compensation and reimbursement of the Professional are *(specify)*:

Woo will advance out-of-pocket costs required. Trustee proposes that Woo will be employed on a contingency fee basis, after reimbursement of costs, and a contingency fee of the greater of 30% of the recovery, or, if attorneys fees are awarded, 40% of the recovery including the attorneys fees awarded. After payment of the attorney's fees and cost reimbursement, the balance of any recovery will be paid to the estate.

4.  The nature and terms of retainer (i.e., nonrefundable versus an advance against fees) held by the Professional are *(specify)*:

N/A

5.  The investigation of disinterestedness made by the Professional prior to submitting this Statement consisted of *(specify)*:

Review of the creditors listed in debtor's petition and of Trustee, as well as examination of previous client files lists.

6.  The following is a complete description of all of the Professional's connections with the Debtor, principals of the Debtor, insiders, the Debtor's creditors, any other party or parties in interest, and their respective attorneys and accountants, or any person employed in the office of the United States trustee *(specify, attaching extra pages as necessary)*:

N/A

7.  The Professional is not a creditor, an equity security holder or an insider of the Debtor, except as follows *(specify, attaching extra pages as necessary)*:

N/A

8.  The Professional is not and was not an investment banker for any outstanding security of the Debtor.

9.  The Professional has not been within 3 years before the date of the filing of the petition herein, an investment banker for a security of the Debtor, or an attorney for such an investment banker in connection with the offer, sale or issuance of any security of the Debtor.

10. The Professional is not and was not, within 2 years before the date of the filing of the petition herein, a director, officer or employee of the Debtor or of any investment banker for any security of the Debtor.

11. The Professional neither holds nor represents any interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or an investment banker for any security of the Debtor, or for any other reason, except as follows *(specify, attaching extra pages as necessary)*:

N/A

---

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                    Page 2                          **F 2014-1.STMT.DISINTEREST.PROF**

00016

12. Name, address and telephone number of the person signing this Statement on behalf of the Professional and the relationship of such person to the Professional *(specify)*:

Felix T. Woo (See No. 1 for Address / Telephone.)

13. The Professional is not a relative or employee of the United States trustee or a bankruptcy judge, except as follows *(specify, attaching extra pages as necessary)*:

N/A

14. Total number of attached pages of supporting documentation: _0_____

15. After conducting or supervising the investigation described in paragraph 5 above, I declare under penalty of perjury under the laws of the United States, that the foregoing is true and correct except that I declare that Paragraphs 6 through 11 are stated on information and belief.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 8/26/19 | Felix T. Woo | |
|---------|--------------|--|
| Date | Printed Name | Signature |

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                    Page 3          **F 2014-1.STMT.DISINTEREST.PROF**

00017

**EXHIBIT C**

1  CAROLYN A. DYE (SBN 97527)
   3435 Wilshire Blvd.
2  Suite 990
   Los Angeles, CA 90010
3  Telephone: 213/368-5000
   Facsimile: 213/368-5009
4  Email: trustee@cadye.com

5  Chapter 7 Trustee

6

7

8                  UNITED STATES BANKRUPTCY COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10                     LOS ANGELES DIVISION

11

12  In re                      ) Case No. 2:19-bk-12936-BB
                               )        [Chapter 7]
13  SHAOQIANG CHEN,            )
                               ) NOTICE OF TRUSTEE'S APPLICATION
14                  Debtor.    ) TO EMPLOY SPECIAL LITIGATION
                               ) COUNSEL
15                             )
                               ) [No Hearing Unless Requested;
16  _____   ) Local Bankruptcy Rule 2014-1]

17

18  TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY JUDGE,

19  THE UNITED STATES TRUSTEE, DEBTOR, ALL CREDITORS AND OTHER

20  INTERESTED PARTIES:

21       PLEASE TAKE NOTICE that Carolyn A. Dye, the duly appointed,

22  qualified and acting Chapter 7 Trustee ("Trustee") of the above-

23  captioned estate, has filed an Application to Employ Special

24  Litigation Counsel.

25       In or around April 2004, Debtor and his then wife purchased

26  a residence in Arcadia. In 2012, Debtor transferred his interest

27  in the residence to his former wife for no consideration, but the

28  Grant Deed was not recorded until September 2013. Trustee

1 | requires the assistance and representation of special litigation
2 | counsel to investigate whether this transfer was made in
3 | contemplation of the loan defaults and judgments, and in an
4 | effort to avoid, hinder or delay his creditors.

5 | Trustee has selected Felix T. Woo, of the firm FTW Law Group
6 | because he has experience in prosecuting cases in the Chinese
7 | Courts and in recovery of assets to satisfy foreign judgments.

8 | Woo will advance out-of-pocket costs required to prosecute
9 | the investigation and any subject litigation. Trustee proposes
10 | that Woo will be employed pursuant to U.S.C. § 327(a) and
11 | compensated pursuant to 11 U.S.C. § 330 on a contingency fee
12 | basis, after reimbursement of costs, and a contingency fee of the
13 | greater of 30% of the recovery, or, if attorneys fees are
14 | awarded, 40% of the recovery including the attorneys fees
15 | awarded. After payment of the attorney's fees and cost
16 | reimbursement, the balance of any recovery will be paid to the
17 | estate.

18 | You may request a complete copy of the Application from the
19 | Trustee at the address in the upper left hand corner of the first
20 | page of this Notice.  A complete copy of the Application is also
21 | on file with the Clerk of the Court and may be viewed at the
22 | United States Bankruptcy Court, 255 East Temple Street, Room 100,
23 | Los Angeles, California 90012.

24 | PLEASE TAKE FURTHER NOTICE that Local Bankruptcy Rule
25 | ("LBR") 2014-1(b)(3)(E) requires that anyone wishing to respond
26 | or object to the Application must, not later than fourteen (14)
27 | days from the date of service of this Notice, plus an additional
28 | three (3) days unless the notice of the application was served by

-2-

**00020**

1  personal delivery or posting as described in F.R.Civ.P

2  5(b)(2)(A)-(B), file with the United States Bankruptcy Court (255

3  East Temple Street, Room 100, Los Angeles, CA 90012) and serve

4  upon: (i) Trustee at the address in the upper left hand corner of

5  the first page of this Notice; (ii) FTW Law Group, Attn: Felix T.

6  Woo, 601 South Figueroa Street, Suite 4050, Los Angeles, CA

7  90017; and (iii) the Office of the United States Trustee, Attn:

8  Kelly Morrison, Esq., 915 Wilshire Blvd., Suite 1850, Los

9  Angeles, CA 90017, a request for a hearing and a written response

10  in the form required by LBR 9013-1(f)(1).  A hearing will then be

11  set and noticed.

12      PLEASE TAKE FURTHER NOTICE that pursuant to LBR 9013-1(h)

13  any objection not timely filed and served may be deemed by the

14  Court to be consent to the relief requested and may result in the

15  Court's issuance of an order without further notice or hearing.

16

17  Dated: September 4, 2019        _____

18                                   Carolyn A. Dye, Chapter 7 Trustee

19

20

21

22

23

24

25

26

27

28  Service Date: September 5, 2019

00021

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 3435 Wilshire Blvd., Suite 990, Los Angeles, California 90010.

A true and correct copy of the foregoing document entitled Notice of Trustee's Application to Employ Special Litigation Counsel will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On September 5, 2019, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Carolyn A Dye (TR)              trustee@cadye.com, cdye@ecf.axosfs.com;atty@cadye.com
Lori E Eropkin                      leropkin@laklawyers.com, nlessard@laklawyers.com;
                                          smcfadden@laklawyers.com
Steven N Kurtz                    skurtz@laklawyers.com, nlessard@laklawyers.com;smcfadden@laklawyers.com
Angie M Marth                    amarth@logs.com, ssali@logs.com
Kelly L Morrison                  kelly.l.morrison@usdoj.gov
Valerie Smith                      claims@recoverycorp.com
United States Trustee (LA)   ustpregion16.la.ecf@usdoj.gov
Gary R Wallace                   garyrwallace@ymail.com

☐    Service information continued on attached page

**2.    SERVED BY UNITED STATES MAIL:** On September 5, 2019, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

■    Service information continued on attached page

**3.    SERVED BY PERSONAL DELIVERY - N/A:** Pursuant to Fed.R.Civ.P. 5 and/or controlling LBR, on _____, 2019, I arranged for service on the following person as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Dated: September 5, 2019

Shawn Sterrett

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.1

*June 2012*                                                                          **F 9013-3.1. PROOF OF SERVICE**

Label Matrix for local noticing
0973-2
Case 2:19-bk-12936-BB
Central District of California
Los Angeles
Thu Sep 5 14:02:48 PDT 2019

Santander Consumer USA Inc d/b/a Chrysler Ca
c/o Stewart, Zlimen & Jungers, Ltd.
2860 Patton Road
Roseville, MN 55113-1100

Los Angeles Division
255 East Temple Street,
Los Angeles, CA 90012-3332

(p)BANK OF AMERICA
PO BOX 982238
EL PASO TX 79998-2238

Agriculture Bank of China
No 64 Licang District - College Road
Qingdao China

Alan L Bodkin Esq
Alan L Bodkin & Associates
15500B Rockfield Blvd
Irvine, CA 92618-2722

Arlene Balducki
Premium Fish Inc
5410 Chippewa Court
Chino, CA 91710-6405

Bank of China - Jiaozhou branch
Qingdao China

Bank of Communication
No 6 Zhongshan Road
Qingdao China

China Fisheries NA Inc
246 S Delacey Avenue
Pasadena, CA 91105-2006

(p)CITIBANK
PO BOX 790034
ST LOUIS MO 63179-0034

Crestview Partners
2361 Campus Drive Ste 280
Irvine, CA 92612-1592

David Michael Griffith Esq
3737 Broadway
Long Beach, CA 90803-6104

Elan (Visa Card)
PO Box 790408
St. Louis, MO 63179-0408

Felix T Woo, Esq.
FTL Law Group
601 S Figueroa Street Ste 4050
Los Angeles, CA 90017-5879

First Bankcard (Cathay Bank Visa)
PO Box 2818
Omaha, NE 68103-2818

Gary A Bemis Esq
3870 La Sierra Avenue Suite 239
Riverside, CA 92505-3528

Industry Bank - Qingdao branch
No 25 Shandong Road Shinan District
Qingdao City China

Jeffrey R Makin Esq
Arent Fox
555 W Fifth Street 48th floor
Los Angeles, CA 90013-1065

Liu Xuelen
Laoshan district
Qingdao China

(p)LOS ANGELES COUNTY TREASURER AND TAX COLLE
ATTN BANKRUPTCY UNIT
PO BOX 54110
LOS ANGELES CA 90054-0110

Qingdao Guarantee Center Co Ltd
International Financial Plaza
No 222 Shenzhen Road
Qingdao China

Qingdao Rural Commercial Bank
No 109 Hong Kong East Road
Laoshan District
Qingdao China 266061

Qingdao Tak Ying Packaging Co
Gouchaqu Chengyang
Qingdao China

Qingdao Yijia Native I&E Co
World Trade Center No 6
Xianggangzhong Road
Qingdao China

Qingdao Youli Century Guarantee
Room 404 Building 1 No 18
Qingling Road
Qingdao China

Sallyport Commercial Financial
14100 Southwest Fwy Suite 210
Sugar Land, TX 77478-3481

Shandong Anxin Access Manage Co
Jinan District
Shandong China

(p)CALIFORNIA STATE BOARD OF EQUALIZATION
ACCOUNT REFERENCE GROUP MIC 29
P O BOX 942879
SACRAMENTO CA 94279-0029

Tiger Bay Village Corporation
100 Park Royal South Ste 710
West Vancouver BC Canada

00023

United States Trustee (LA)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017-3560

William A DeClercq Esq
DeClercq Law Group Inc
1055 West 7th Street
Los Angeles CA 90017-2577

Xiaojuan Y Balducki
Premium Fish Inc
5410 Chippewa Court
Chino, CA 91710-6405

Zhang Zhenghai
Jiaozhou district
Qingdao China

Carolyn A Dye (TR)
Law Offices of Carolyn Dye
3435 Wilshire Blvd, Suite 990
Los Angeles, CA 90010-1998

Gary R Wallace
Law Office of Gary R. Wallace
10801 National Boulevard, Suite 100
Los Angeles, CA 90064-4140

Shaoqiang Chen
15447 East Tetley Street
Hacienda Heights, CA 91745-4416

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

AAA Financial Services
PO Box 982234
El Paso, TX 79998

(d)Bank of America
PO Box 982234
El Paso, TX 79998

Citi AAdvantage Card
PO Box 78045
Phoenix, AZ 85062

Los Angeles County Tax Collector
PO Box 54110
Los Angeles, CA 90054-0110

State Board of Equalization
Special Procedures Section MIC55
PO Box 942879
Sacramento, CA 94279

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Courtesy NEF

(u)Wells Fargo Bank, National Association, as      (u)1

End of Label Matrix
Mailable recipients    36
Bypassed recipients     3
Total                  39

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 3435 Wilshire Blvd., Suite 990, Los Angeles, California 90010.

A true and correct copy of the foregoing document entitled Application to Employ Special Litigation Counsel will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.      TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On September 5, 2019, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

| | |
|---|---|
| Carolyn A Dye (TR) | trustee@cadye.com, cdye@ecf.axosfs.com;atty@cadye.com |
| Lori E Eropkin | leropkin@laklawyers.com, nlessard@laklawyers.com; smcfadden@laklawyers.com |
| Steven N Kurtz | skurtz@laklawyers.com, nlessard@laklawyers.com;smcfadden@laklawyers.com |
| Angie M Marth | amarth@logs.com, ssali@logs.com |
| Kelly L Morrison | kelly.l.morrison@usdoj.gov |
| Valerie Smith | claims@recoverycorp.com |
| United States Trustee (LA) | ustpregion16.la.ecf@usdoj.gov |
| Gary R Wallace | garyrwallace@ymail.com |

☐      Service information continued on attached page

**2.      SERVED BY UNITED STATES MAIL:** On September 5, 2019, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Shaoqiang Chen
15447 East Tetley Street
Hacienda Heights, CA  91745

☐      Service information continued on attached page

**3.      SERVED BY PERSONAL DELIVERY - N/A:** Pursuant to Fed.R.Civ.P. 5 and/or controlling LBR, on _____, 2019, I arranged for service on the following person as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐      Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: September 5, 2019

Shawn Sterrett

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.1